Filed 9/25/24 P. v. Gordon CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>ROY GORDON,<br><br>       Defendant and Appellant. | A166454<br>(Contra Costa County Super.<br>Ct. No. 5001520899) |

Defendant Roy Gerald Gordon appeals his sentence imposed after remand for resentencing. He argues remand is required to allow the trial court to exercise its discretion under Senate Bill No. 81 (2021-2022 Reg. Sess.) (S.B. 81), a law that had been in effect for almost nine months when he was sentenced. We reject this argument, but we agree with the parties that the trial court erred in failing to recalculate his custody credits at resentencing. Accordingly, we will remand to allow the trial court to recalculate Gordon's actual custody credits and otherwise affirm the judgment.

1

*Charges, Open Plea, and Original Sentence in 2018*

Gordon was charged "with conspiracy to commit human trafficking ([Pen. Code.,[1]] §§ 182, subd. (a)(1), 236.1, subd. (b); count 1), torture upon Victim Three (§ 206; count 2), two counts of mayhem upon Victim Three (§ 205; counts 3 and 5), kidnapping for extortion of Victim Three (§ 209, subd. (a); count 4), two counts of forcible oral copulation of Victim Three (former § 288a, subd. (c)(2), as amended by Stats. 2013, ch. 282; counts 6–7), dissuading a witness (Victim One) by force or threat (§§ 136.1, subd. (c)(1); 1192.7, subd. (c)(37); count 18), and conspiracy to dissuade a witness (§§ 136.1, subd. (c)(2); 1192.7, subd. (c)(37); count 19).  It was alleged Gordon personally used a firearm (§ 12022.53, subd. (b)) in the commission of counts 2 and 3.  [¶] In addition, Gordon was alleged to have been convicted of two prior felonies: first degree residential burglary committed in 2009 and grossly negligent discharge of a firearm in 1991.  It was alleged that the two prior convictions were serious felonies under section 667, subdivision (a)(1), and strikes under section 667, subdivisions (d) and (e), and that the 2009 residential burglary was a violent felony for which he had served a prison term under section 667.5, subdivision (a)." (*People v. Gordon* (June 12, 2019, A154614) 2019 WL 2442488 [nonpub. opn.], at *1, fn. omitted (*Gordon I*).)[2]

"In February 2017, Gordon pleaded no contest to all charges and admitted all enhancement allegations.  There was no indicated disposition,

---

[1] Further undesignated statutory references are to the Penal Code.

[2] We granted Gordon's request that we take judicial notice of the records in his prior appeals, *People v. Gordon*, A154614 (see *Gordon I, supra*) and *People v. Gordon*, A160100 (see *People v. Gordon* (Feb. 23, 2022, A160100) 2022 WL 538215 [nonpub. opn.] (*Gordon II*).

and the plea form Gordon signed and initialed provided that the maximum sentence he faced was 'LIFE.' " (*Gordon I*, *supra*, 2019 WL 2442488, at *2.)

At a sentencing hearing in 2018, the prosecutor moved to dismiss counts 2 through 4, as well as the prior strike allegations, and she noted that count 5 previously had been dismissed pursuant to section 995. The trial court sentenced Gordon to 36 years, eight months in prison. (*Gordon I*, *supra*, 2019 WL 2442488, at *2.)

The sentence consisted of an upper term of eight years for count 6 (forcible oral copulation); a consecutive upper term of eight years for count 7 (same); four years, eight months (one-third the midterm) for count 1 (conspiracy to commit human trafficking); one year (one-third the midterm) for count 18 (dissuading a witness by force or threat); one year (one-third the midterm) for count 19 (conspiracy to dissuade a witness), all consecutive; plus 14 consecutive years of enhancements consisting of two five-year terms for Gordon's prior convictions of two serious felonies (§ 667, subd. (a)(1)), a three-year term for his prior prison term for a violent felony (§ 667.5, subd. (a)), and a one-year term for his other prior prison term (former § 667.5, subd. (b), as amended by Stats. 2014, ch. 442, § 10).

*Gordon I and Sentence on Remand in 2020*

Gordon appealed from his sentence, and in *Gordon I*, we remanded the matter for resentencing under Senate Bill No. 1393 (2017–2018 Reg. Sess.), a newly enacted law that amended sections 667 and 1385 to grant trial courts discretion to strike or dismiss prior serious felony convictions for sentencing purposes. (Gordon had been sentenced to two five-year enhancements under section 667, subd. (a)(1).)

"In addition, although Gordon had not raised the issue on appeal, we noticed that the offenses that occurred after the 2009 burglary [the offense

3

underlying Gordon's prior prison term for a violent felony conviction], '[c]ounts 1 (conspiracy to commit human trafficking), 18 (dissuading a witness), and 19 (conspiracy to dissuade a witness), . . . *d[id] not appear to qualify as violent felonies.*' (*Gordon I, supra.*) Because we were already remanding for resentencing, we also remanded for consideration of whether the three-year enhancement of section 667.5(a) or the one-year enhancement of section 667.5(b) applied to the prison term Gordon served for the 2009 burglary." (*Gordon II, supra,* 2022 WL 538215, at *2, fn. omitted.)

After we decided *Gordon I,* "the law on enhancements for prison priors changed. Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) *eliminated* the one-year enhancement of section 667.5(b) for all prison priors except [for prison terms] . . . served for convictions of sexually violent offenses." (*Gordon II, supra,* 2022 WL 538215, at *2.)

At resentencing in February 2020, the trial court elected not to dismiss the five-year enhancements for prior serious felony convictions. It did strike the one-year enhancement for the prior prison term based on the change in the law but "did not strike the three-year enhancement, even though it found the underlying 2009 burglary was not a violent felony." (*Gordon II, supra,* 2022 WL 538215, at *3.) Gordon's sentence was then 35 years, eight months in prison.

*Gordon II*

Gordon appealed the sentence imposed after remand. In *Gordon II,* we found that none of the offenses Gordon committed after the prison prior offense was a "violent" felony and, therefore, we ordered the three-year enhancement stricken, and we again remanded for resentencing. (*Gordon II, supra,* 2022 WL 538215, at *1.)

4

*Current Sentence following remand from* Gordon II

Sentencing after remand from *Gordon II* took place on September 27, 2022. With the agreement of the parties, the trial court reduced the terms for counts 6 and 7 (forcible oral copulation) from eight years (the aggravated term) each to six years (the middle term) "[b]ecause of the change in the law." And, pursuant to *Gordon II*, the court struck the three-year enhancement.

Gordon's sentence is now 28 years, eight months in prison.

## DISCUSSION

A.     *Remand for Resentencing Under S.B. 81 is Not Warranted*

Effective January 1, 2022, S.B. 81 amended section 1385 "to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.) Section 1385, subdivision (c) (§ 1385(c)), now provides, "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute" and "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances [listed] in subparagraphs (A) to (I) are present. . . ."

Gordon argues remand for a new sentencing hearing is required to allow the trial court to exercise its discretion under section 1385(c). We see no basis for remand. At the time the trial court sentenced Gordon on September 27, 2022, S.B. 81 had already been in effect for almost nine months, and nothing in the record affirmatively shows the trial court was

5

unaware of its discretion under section 1385(c).[3]  Remand is not required merely because the attorneys and the court did not specifically mention S.B. 81 or section 1385(c) at sentencing.  (See *People v. Ruiz* (2023) 97 Cal.App.5th 1068, 1081 (*Ruiz*) [rejecting argument that remand was required " '[b]ecause the record makes no mention of the specific [mitigating] factors enumerated in section 1385' "], disapproved on another point by *People v. Lynch* (2024) 16 Cal.5th 730, 768-769.)  "[R]emand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion.  Error may not be presumed from a silent record." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)  This is because, "[a]bsent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)  Remand for resentencing under S.B. 81 is not warranted on this record.

For his position, Gordon relies on *People v. Diaz* (2023) 97 Cal.App.5th 1172, 1187, in which the defendant was sentenced on March 8, 2022, and the Supreme Court had decided *People v. Tirado* (2022) 12 Cal.5th 688 less than two months earlier and S.B. 81 had been in effect for slightly more than two months.  In that circumstance, the Court of Appeal remanded for resentencing so the trial court could consider S.B. 81 and *Tirado*, reasoning, "The obvious reading of the record is that the busy actors in this case had not yet learned of the new developments.  [¶] Both developments—SB 81 as well as *Tirado*—resulted from efforts by the California Legislature to adjust

---

[3] As Gordon recounts, the first hearing on remand took place earlier—on May 4, 2022 (four months after S.B. 81 went into effect).  At that time, the trial court stated, "Based on our off-the-record discussion it appears that the parties would agree that I would impose the midterm as opposed to the upper term on resentencing [of counts 6 and 7]."  Neither the attorneys nor the court mentioned S.B. 81 or section 1385(c).  No probation report or sentencing briefs were filed before resentencing.

criminal sentencing in light of evolving public standards about appropriate incarceration. The relevant statutes were acts of legislative mercy and policy measures addressing the costs of incarceration. [Citation.] A reasonable concomitant of legislative intent would be a concern for judicial awareness of these *fresh developments*." (*Diaz*, at p. 1188, italics added.)

*Diaz* is distinguishable because, here, S.B. 81 had been in effect for almost nine months, not two months, at the time of Gordon's sentencing hearing and no new Supreme Court authority is at issue. By September 27, 2022, when Gordon was sentenced, S.B. 81 could no longer be considered a fresh development that we might assume the trial court was unaware of. We therefore reject Gordon's argument and instead follow the usual rule that the trial court is presumed to know and apply the applicable sentencing law. (See, e.g., *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 [remand for consideration of S.B. 81 not required where the new sentencing law had been in effect for more than three months when the defendant was sentenced]; *Ruiz, supra*, 97 Cal.App.5th at p. 1081 [remand for consideration of S.B. 81 not required where the law had been in effect for more than nine months when the defendant was sentenced]; see also *People v. Achane* (2023) 92 Cal.App.5th 1037, 1042–1043 [remand for resentencing not warranted where the statutory amendment at issue had been in effect for almost seven months when the defendant was sentenced].)

B.   *Custody Credits*

When Gordon was originally sentenced in 2018, the trial court awarded him 1676 credits for time served, which included 219 days of local conduct credits.

At the sentencing hearing on September 27, 2022, after the trial court imposed its sentence, Gordon's attorney asked whether "we have any

responsibility for adding credits to that abstract [of judgment]." The trial court responded no, the court "keep[s] the original local conduct custody credits" and the California Department of Corrections and Rehabilitation "will calculate from there." The abstract of judgment dated September 27, 2022, specifies "total credits" of 1676 consisting of 1437 "actual" days served and 219 days of "local conduct" credit (the same number of total credits awarded in the original abstract of judgment from May 2018).

The California Supreme Court has explained, "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) Here, the parties agree that the trial court should have recalculated custody credits at resentencing. We agree with the parties, and we remand for the trial court to update Gordon's credits to reflect actual time he served before his current resentencing. (See *People v. Sek* (2022) 74 Cal.App.5th 657, 673–674 [remanding to correct the sentence where the trial court had failed to "update the defendant's credits for actual time served between the original sentencing hearing and the resentencing hearing"].)

## DISPOSITION

The matter is remanded for the limited purpose of recalculating actual custody credits. The judgment is otherwise affirmed.

_____

Miller, J.

WE CONCUR:


_____

Stewart P. J.


_____

Desautels, J.


A166454, *People v. Gordon*